IN THE DISTRICT COURT OF THE UNITED STATES
FOR THE DISTRICT OF SOUTH CAROLINA

| | |
|---|---|
| Adam Evans, | Civil Action No.: 6:15-887-BHH |
| Plaintiff, | |
| vs. | **OPINION AND ORDER** |
| Wilson Trucking Company, Keith Doonan, and Tim Stokes, | |
| Defendants. | |

This matter is before the Court on Plaintiff Adam Evans' ("Plaintiff") *pro se* motion for reconsideration (ECF No. 67) of the Court's August 15, 2016 Order (ECF No. 63) granting summary judgment in favor of Defendants Wilson Trucking Company, Keith Doonan, and Tim Stokes ("Defendants"). Plaintiff cites no legal authority or basis for his motion, stating only that it is made in light of putative "newly discovered evidence." (*See* ECF No. 67 at 1-2.) Accordingly, the Court applies the standards corresponding to motions made pursuant to Federal Rules of Civil Procedure 59(e) and 60(b).

By way of background, Plaintiff filed this action against his former employer, former manager, and former dispatch supervisor, asserting that they discriminated against him because of his race and retaliated against him because of a complaint he made to a safety manager, in violation of Title VII of the Civil Rights Act of 1964, as amended, and Title 42, United States Code, Section 1981. (ECF No. 1.) After pretrial handling by United States Magistrate Judge Kevin F. McDonald, and the issuance of a Report and Recommendation, the Court granted Defendants' motion for summary judgment by way of an Order dated August 15, 2016 (ECF No. 63). The Court found that

1

Plaintiff could not establish a *prima facie* case of discrimination or retaliation, and had presented no evidence raising a reasonable inference that his termination was motivated by race or bore any causal connection to the complaint he made to his safety manager, which had not been shown to be protected activity under Title VII in the first instance. (*See* ECF No. 57 at 18-22.) Plaintiff filed the instant motion for reconsideration on September 2, 2016 asserting, generally, that "new evidence" in the form of two affidavits rendered the Court's entry of summary judgment improper. (*See* ECF No. 67.)

"In general, reconsideration of a judgment after its entry is an extraordinary remedy which should be used sparingly." *Pac. Ins. Co. v. Am. Nat'l Fire Ins. Co.*, 148 F.3d 396, 403 (4th Cir. 1998). The Fourth Circuit has held such a motion should be granted for only three reasons: (1) to follow an intervening change in controlling law; (2) on account of new evidence; or (3) to correct a clear error of law or prevent manifest injustice. *Hutchinson v. Staton*, 994 F.2d 1076, 1081 (4th Cir. 1993). Rule 59 motions "may not be used to make arguments that could have been made before the judgment was entered." *Hill v. Braxton*, 277 F.3d 701, 708 (4th Cir. 2002). Nor do such motions constitute opportunities to revisit issues already ruled upon simply because a litigant is displeased with the result. *See Hutchinson*, 994 F.2d at 1082 (stating that "mere disagreement does not support a Rule 59(e) motion") (citation omitted).

"[B]efore a party may seek relief under Rule 60(b), a party first must show 'timeliness, a meritorious defense, a lack of unfair prejudice to the opposing party, and exceptional circumstances.'" *Dowell v. State Farm Fire and Cas. Auto. Ins. Co.*, 993 F.2d 46, 48 (4th Cir. 1993) (quoting *Werner v. Carbo,* 731 F.2d 204, 207 (4th Cir. 1984)). "After a party has crossed this initial threshold, he then must satisfy one of the six

2

specific sections of Rule 60(b)." *Dowell*, 993 F.2d at 48. Rule 60(b) of the Federal Rules of Civil Procedure allows the Court to relieve a party from a final judgment for the following reasons:

> . . . (1) mistake, inadvertence, surprise, or excusable neglect; (2) newly discovered evidence that, with reasonable diligence, could not have been discovered in time to move for a new trial under Rule 59(b); (3) fraud (whether previously called intrinsic or extrinsic), misrepresentation, or misconduct by an opposing party; (4) the judgment is void; (5) the judgment has been satisfied, released or discharged; it is based on an earlier judgment that has been reversed or vacated; or applying it prospectively is no longer equitable; or (6) any other reason that justifies relief.

Fed. R. Civ. P. 60(b). "Where the motion is nothing more than a request that the district court change its mind, however, it is not authorized by Rule 60(b)." *United States v. Williams*, 674 F.2d 310, 313 (4th Cir. 1982) (citing 11 C. Wright & A. Miller, supra, s 2858). The only discernable basis for reconsideration asserted in Plaintiff's motion is the "new evidence" submitted therewith, and the Court will conduct its analysis accordingly.

The Court need not lend lengthy discourse to disposal of Plaintiff's motion, which is entirely without merit. The parties were granted a period of six months in which to conduct discovery in this case, and Plaintiff offers no explanation or excuse for why he could not have obtained the newly submitted affidavits in a timely manner. Plaintiff's submission thus immediately fails to satisfy the strictures of Rule 60's requirements. *See* Fed. R. Civ. P. 60(b)(2); *see also Dowell*, 993 F.2d at 48. More importantly, Plaintiff's "new evidence" does nothing to advance the merits of his case. The substance of the affidavits merely confirms factual issues that were not in dispute during the summary judgment phase, namely, that Plaintiff was delayed while making a delivery to FN Manufacturing on the morning of August 15, 2013 due to a chemical container that was

3

leaking in his delivery truck. This "new evidence" does not support Plaintiff's racial discrimination and retaliation claims in any way, and is not an appropriate basis for relief under Rules 59(e) and 60(b). The remainder of Plaintiff's motion consists of arguments that could have been made before judgment was entered and of attempts to rehash issues already resolved in Defendants' favor; such arguments and attempts are unavailing. *See Hill*, 277 F.3d at 708; *Hutchinson*, 994 F.2d at 1082.

Out of recognition for Plaintiff's *pro se* status, the Court declines to grant Defendants' request to recover from Plaintiff the attorney's fees and costs incurred in the preparation of its response to Plaintiff's motion (*see* ECF No. 68 at 13). However, Plaintiff is hereby advised that any further frivolous motions submitted in this case may result in the imposition of liability for such fees and costs.

Plaintiff's *pro se* motion for reconsideration is DENIED.

**IT IS SO ORDERED**.

/s/Bruce Howe Hendricks
United States District Judge

May 17, 2017
Greenville, South Carolina

*****

## NOTICE OF RIGHT TO APPEAL

The parties are hereby notified that any right to appeal this Order is governed by Rules 3 and 4 of the Federal Rules of Appellate Procedure.